ALFRED BLUME v. RICHARD BOWES, COLLECTOR, &c.,
OF THE CITY OF HOBOKEN.

Argued June 12, 1900—Decided November 12, 1900.

1. The provision in the supplement to the charter of the city of Hoboken, approved March 23d, 1859 (*Pamph. L.*, *p.* 654), which directs the commissioners of appeal to reduce the valuation of an individual's property, for the purpose of taxation, to the sum specified by the owner under oath, was annulled by the constitutional amendment of 1875 requiring property to be assessed at its true value.

2. The commissioners of appeal having, under that supplement, illegally ordered a reduction of the valuation of the prosecutor's property, and the collector having disregarded the order, this court, in obedience to the act of March 23d, 1881 (*Gen. Stat.*, *p.* 3404), affirmed the tax on the original valuation, which did not exceed the true value of the property.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the prosecutor, *John I. Weller.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings before the court the tax assessed by the assessors of the city of Hoboken against the real estate of the prosecutor for the year 1899.   It was levied on a valuation of $7,000.   His complaint is that the tax is excessive and illegal because the commissioners of appeal reduced the valuation to $5,500.

This complaint rests on fact, for, on the presentation of the prosecutor's affidavit that the valuation at $7,000 was grossly excessive, that in 1898 the property had been assessed at $5,500, and that it was amply assessed at that sum, the commissioners of appeal without further inquiry voted a reduction of $1,500.   This action of the commissioners seems to have been taken in obedience to a supplement of the city charter approved March 23d, 1859 (*Pamph. L., p.* 654), which directs the commissioners, on such an affidavit, to reduce the assessment to the sum specified therein.   But manifestly this statutory direction was abrogated by the constitutional amendment adopted in 1875, that property should be assessed for taxes *according to its true value.*   *North Ward National Bank* v. *Newark,* 11 *Vroom* 558; *Williams* v. *Bettle,* 22 *Id.* 512.

The reduction thus ordered by the commissioners was repudiated by the city council at a meeting held December 27th, 1899, and the collector of revenue was directed to collect the tax on the valuation originally fixed.   We have not found any statutory warrant for this action of the council, and because of it the prosecutor has brought the tax into this court.

Being here, he is confronted with the act of March 23d, 1881 (*Gen. Stat., p.* 3404), which enacts "that no tax * * * shall be set aside or reversed in any court * * * for any * * * illegality in assessing * * * any such tax, * * * if the property upon which such tax * * * is assessed * * * is in fact liable to taxation; * * * and the court in which any action * * * shall be pending to review any such tax * * * is empowered to ascertain and determine

for what sum such property was legally liable to taxation, and fix the amount thereof; and the sum so fixed shall be the amount of tax * * * for which such property shall be liable."

In his testimony given in the present suit on May 26th, 1900, the prosecutor swore that the fair market value of his property was then $10,000, and that he had paid $11,000 for it.

Making every possible allowance for the exaggerated estimate of an owner, we cannot believe that the valuation put upon the property by the assessors was excessive.

In pursuance of the act of 1881, therefore, the tax on the valuation of $7,000 is affirmed, with costs.